UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      v.                                                               3:03-CR-0210

LAWRENCE L. LASKO,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Defendant was convicted of violations of 21 U.S.C. § 846 and § 922(g). He was sentenced to concurrent terms of 210 months incarceration on the drug charge and 110 months on the firearms charge. Upon appeal, Defendant's conviction was affirmed, but remanded for reconsideration of the sentence pursuant to United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). United States v. Lasko, 146 Fed. Appx. 530 (2d Cir. 2005).

By Order dated and entered on June 12, 2006, this Court considered all the relevant sentencing factors and determined that the original sentence was appropriate and reasonable. The Court, therefore, declined to change the sentence. A copy of the order was served on Defendant's attorney.

By letter dated November 20, 2007, Defendant requested the status of his resentencing. In response, on November 30, 2007, the Clerk of the Court sent Defendant a copy of the docket sheet, together with a copy of the June 12 order. Thereafter, by motion

dated December 8, 2007, Defendant moved for leave to file a late notice of appeal on the ground that he never received notice of the June 12, 2006 order.

Defendant moves pursuant to Fed. R. App. Proc. 4(a)(5) seeking an extension of time to file the Court's June 12, 2006 sentencing order. Rule 4(a) applies to appeals in civil cases. Because this is a criminal case, the applicable rule is Fed. R. App. Proc. 4(b). Rule 4(b)(1)(A) generally requires a Defendant to file an appeal within 10 days after the later of: (i) entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal. In this case, the government did not take an appeal. Accordingly, Defendant had 10 days from June 12, 2006 to file a notice of appeal. An extension to this time period is provided in Rule 4(b)(4). That rule provides that:

> Upon a finding of excusable neglect or good cause, the district court may - before or after the time has expired, with or without motion and notice - extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b).

Here, as the government concedes, the lack of notice to Defendant constitutes the excusable neglect necessary under Rule 4(b)(4). See 3 B. Wright, Federal Practice and Procedure, Criminal § 823 (2004 & 2007 Supp.). Although a seemingly harsh result with possible due process implications where, as here, a defendant has not received notice of an order, Rule 4(b)(4) expressly restricts the amount of any extension of time that the district court can order. The rule specifically provides that this court can extend the "time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b)." The time to appeal initially expired 10 days after June 12, 2006. Under Rule 4(b), this court had limited authority to extend that period for another 30 days. That time period has long since passed and, therefore, this court is without authority to grant

the request.  See United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir. 1982); see also United States v. Robinson, 361 U.S. 220, 229, 80 S. Ct. 282 (1960); United States v. Donovan, 55 Fed. Appx. 16 (2d Cir. 2003); United States v. Pimentel, 234 F.3d 1263, 2000 WL 1678256, at *1 (2d Cir. 2000) ("The district court is authorized, in certain circumstances, to extend the appeal period, but it has no power to do so if the motion for an extension is filed more than 30 days after expiration of the appeal period prescribed by Fed. R. App. P. 4."); Melton v. Frank, 891 F.2d 1054, 1056 (2d Cir. 1989).  Although stated in an unpublished decision, the Second Circuit in Pimentel noted that the district court does not have jurisdiction to grant a motion for an extension of time that is filed more than 30 days after the expiration of the appeal period prescribed by Rule 4.  Pimentel, 234 F.3d 1263, 2000 WL 1678256, at *1.

      For the foregoing reasons, Defendant's motion is DENIED.  The Clerk of the Court is directed to serve a copy of this Decision and Order directly on Defendant.

IT IS SO ORDERED.

Dated: January 18, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge